1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

L.A. FITNESS INTERNATIONAL LLC,

　　　　　Plaintiff,

　　　　v.

DAIJA HARDING,

　　　　　Defendant.

Case No. C09-5537-RJB

ORDER RE JURISDICTION

This matter comes before the court on review of the Plaintiff L.A. Fitness' Response to Order to Show Cause (Dkt. 13), filed with the court on October 2, 2009. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On July 9, 2009, Defendant Harding filed a civil action against L.A. Fitness and several L.A. Fitness employees in Multnomah County Circuit Court in Oregon, No. 0907-9358 (Or. Cir. Ct. July 9, 2009), alleging unlawful termination, sexual discrimination based on a hostile work environment, retaliation for resisting sexual discrimination, intentional infliction of emotional distress, and negligent supervision. Dkt. 3-2. On September 3, 2009, Plaintiff L.A. Fitness filed a complaint in this court, seeking a declaratory judgment obligating the defendant to arbitrate her claims against the plaintiff utilizing Washington substantive law. Dkt. 1. On the same day, L.A. Fitness filed a Motion to Compel Arbitration and to Stay, requesting the court to 1) compel Ms. Harding to arbitrate her

1   claims, and 2) stay the proceedings in Multnomah County Circuit Court pending the conclusion of

2   arbitration.  Dkt. 3.

3        On September 18, 2009, this court *sua sponte* issued an Order to show cause why

4   jurisdiction was proper to decide this matter in this court.  Dkt. 7.  Specifically, the court ordered

5   L.A. Fitness to show cause regarding the following: 1) why the Motion to Compel Arbitration and to

6   Stay could not be resolved in Multnomah County Circuit Court; 2) why federal jurisdiction was

7   invoked in this action; and 3) why the Western District of Washington was the proper venue.  *Id.*

8        L.A. Fitness responded to the court's Order to show cause on October 2, 2009.  Dkt. 13.  In

9   its response, L.A. Fitness argues that federal jurisdiction is proper because there is diversity between

10  L.A. Fitness and Ms. Harding, whether she is a citizen of Washington or Oregon.  Dkt. 13.  L.A.

11  Fitness further argues that the Western District of Washington is the proper forum because of a

12  "minimum contacts" analysis.  *Id.*  Lastly, L.A. Fitness argues that Multnomah County Circuit Court

13  is not a proper forum because there is no nexus between Oregon and the contractual events

14  surrounding Ms. Harding's employment.  *Id.*  L.A. Fitness does not address the underlying lawsuit

15  filed by Ms. Harding; the crux of L.A. Fitness' claim is limited to the arbitrability of Ms. Harding's

16  state claims and the enforcement of her arbitration agreement.  *Id.*

17       Ms. Harding responded to L.A. Fitness' response on October 20, 2009.  Dkt. 16.  Ms.

18  Harding argues that this court only has jurisdiction by way of the Federal Arbitration Act, 9 U.S.C.

19  §§ 1-14, if the court has original jurisdiction in the underlying claim.  Dkt. 16.  According to Ms.

20  Harding, because the parties in the state suit are nondiverse, this court cannot invoke federal

21  jurisdiction to consider the petition to compel arbitration.  *Id.*

22       L.A. Fitness replied on October 23, 2009.  Dkt. 23.

23

24                                   <u>DISCUSSION</u>

25       Federal diversity jurisdiction is codified at 28 U.S.C. § 1332, which provides in relevant part

as follows:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>> (1) citizens of different States;
>> (2) citizens of a State and citizens or subjects of a foreign state;
>> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Diversity is one form of original jurisdiction that a federal district court may exercise when petitioned to compel arbitration.  "Section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, authorizes a United States district court to entertain a petition to compel arbitration if the court would have jurisdiction, 'save for [the arbitration] agreement,' over 'a suit arising out of the controversy between the parties.'" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267-68 (2009).  The FAA does not grant federal jurisdiction in and of itself; the district court must have some form of original jurisdiction to hear a petition under the Act.  *Id.* at 1271.  However, when determining original jurisdiction, the court could look to more than one controversy between the parties; often there is an underlying state court action, and a petition in federal court to compel arbitration.  Which controversy between the parties does the FAA intend to define the court's jurisdiction?

In *Vaden v. Discover Bank*, 129 S. Ct. 1262 (2009), the Supreme Court attempted to answer this question.  According to the *Vaden* Court, the "controversy between the parties" in § 4 of the FAA refers to the substantive conflict between the parties, not the superficial conflict over the arbitrability of claims.  *Id.* at 1273-74.  Therefore, a district court may "look through" the petition for arbitration to the underlying conflict to determine the existence of original jurisdiction.  *Id.* at 1275.  This holding, however, is specifically limited to determinations of federal question jurisdiction under 28 U.S.C. § 1331.  *Id.* at 1273.

This case is fundamentally different than *Vaden*.  We are not dealing with federal question jurisdiction here; rather, this action is brought into federal court on the basis of complete diversity

1    between the parties.  Of course, in order to find that the parties are completely diverse, the court

2    must not consider the other defendants named in Ms. Harding's original suit.  This is precisely L.A.

3    Fitness' argument; according to L.A. Fitness, the only controversy between the parties that this court

4    is concerned with is the current action to compel arbitration.  Ms. Harding argues that the

5    controversy between the parties includes her underlying state action, and that this court should "look

6    through" the current petition to the state action in order to determine whether this court has original

7    jurisdiction.

8            While Ms. Harding's argument appears to logically flow from the Supreme Court's holding in

9    *Vaden*, the Ninth Circuit has explicitly ruled otherwise in the context of diversity jurisdiction.

10   *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9th Cir. 2002).  In *Circuit City*, the court was faced

11   with a fact pattern very similar to the facts in this action.  The plaintiff had sued his former employer

12   and an individual co-worker in state court, alleging state law tort claims.  *Id.* at 1106.  Diversity

13   existed between the plaintiff and the employer, but the plaintiff and the individual co-worker were

14   both California citizens.  *Id.*  The employer petitioned federal district court to stay the state action

15   and compel arbitration as required under the plaintiff's employment contract.  *Id.*  In finding that the

16   district court properly exercised diversity jurisdiction over the petition for arbitration, the court

17   stated that "the citizenship of someone not before the court is irrelevant to the jurisdictional inquiry."

18   *Id.*  This holding is in line with analogous cases in other circuits.  *See, e.g., We Care Hair Dev., Inc.*

19   *v. Engen*, 180 F.3d 838, 842 (7th Cir. 1999); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 945

20   (11th Cir. 1999); *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445-46 (2d Cir. 1995).

21           While *Circuit City* predates the Supreme Court's ruling in *Vaden*, and the language of *Vaden*

22   is broad enough to suggest that the Court may look favorably on allowing district courts to "look" to

23   an underlying action for diversity purposes, doing so here would be an extension of the law as it

24   currently exists, and is not necessary here.  The Ninth Circuit authority is clear–in a petition to

25   compel arbitration, the court is only concerned with the parties in front of it for purposes of diversity.

26

There is no reason to "look through" to the underlying action in order to determine diversity. In the present matter, L.A. Fitness and Ms. Harding are diverse parties, and this court may entertain the plaintiff's petition to compel arbitration.

Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). When a petition to compel arbitration is involved, "the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Ms. Harding makes a passing suggestion that the amount in controversy requirement may not be met in this action. Dkt. 16 at 4. However, Ms. Harding fails to cite sufficient authority to support her argument that the court should look only at the motion to compel arbitration rather than the underlying cause to determine the amount in controversy. Although Ms. Harding does not request a specific amount of damages in her state action complaint (*see* Dkt. 2 at 31), it is reasonable to assume that she intends to request more than $75,000. The court is satisfied that the statutory amount in controversy for this matter has reasonably been met.

Finding that there is federal jurisdiction in this matter based on diversity of citizenship, the court still must address venue. Although neither party seeks to litigate this issue in a different federal forum, the court did question in its Order to Show Cause re Jurisdiction why the Western District of Washington was more appropriate than the District of Oregon to hear this matter. Dkt. 7. L.A. Fitness has argued that the Western District of Washington is the proper forum because all of the events that occurred in relation to the controversy to be litigated in this matter–the signing of the arbitration agreement, not the underlying state action controversy–occurred in Washington. Ms. Harding does not dispute that the events surrounding Ms. Harding's hiring, her signing of the arbitration agreement, and her eventual termination, all occurred in Washington. The court is

satisfied that those events establish sufficient contact with this district to make this court the proper venue for this matter.

Therefore, it is hereby

**ORDERED** that the court's jurisdiction in this matter is proper under § 4 of the Federal Arbitration Act, 9 U.S.C. § 4, based upon complete diversity of the parties to this action under 23 U.S.C. § 1332.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of November, 2009.

Robert J. Bryan
United States District Judge