# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

L.A. FITNESS INTERNATIONAL LLC,

    Plaintiff,

    v.

DAIJA HARDING,

    Defendant.

Case No. C09-5537-RJB

ORDER ON MOTION TO COMPEL ARBITRATION AND TO STAY

This matter comes before the court on review of the Plaintiff L.A. Fitness' Motion to Compel Arbitration and to Stay (Dkt. 3), filed with the court on September 3, 2009. The court has considered the relevant documents and the remainder of the file herein.

## PROCEDURAL HISTORY

On July 9, 2009, Defendant Harding filed a civil action against L.A. Fitness and several L.A. Fitness employees in Multnomah County Circuit Court in Oregon, No. 0907-9358 (Or. Cir. Ct. July 9, 2009), alleging unlawful termination, sexual discrimination based on a hostile work environment, retaliation for resisting sexual discrimination, intentional infliction of emotional distress, and negligent supervision. Dkt. 3-2. On September 3, 2009, Plaintiff L.A. Fitness filed a complaint in this court, seeking a declaratory judgment obligating the defendant to arbitrate her claims against the plaintiff utilizing Washington substantive law. Dkt. 1. On the same day, L.A. Fitness filed this Motion to Compel Arbitration and to Stay, requesting the court to 1) compel Ms. Harding to

ORDER - 1

arbitrate her claims, and 2) stay the proceedings in Multnomah County Circuit Court pending the conclusion of arbitration. Dkt. 3.

After raising the question of jurisdiction *sua sponte*, the court issued an Order on November 2, 2009, recognizing that federal diversity jurisdiction was proper in this action. Dkt. 26. Ms. Harding responded to this motion on November 5, 2009. Dkt. 27. L.A. Fitness filed a reply on November 10, 2009. Dkt. 28.

## RELEVANT FACTS

Mr. Harding applied for employment at the Vancouver, Washington L.A. Fitness location in January 2009. Dkt. 1. In order to be considered for employment, Ms. Harding signed the L.A. Fitness International, LLC Employment Application and Arbitration Agreement (Arbitration Agreement) in Vancouver, Washington, which provides in relative part:

> ... [L.A. Fitness] and I mutually consent to the resolution by arbitration of all claims or controversies described below, past present, or future, whether or not arising out of or related to my application, employment, or its termination, that [L.A. Fitness] may have against me or that I may have against any of the following (1) [L.A. Fitness], (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) [L.A. Fitness]'s parent, subsidiary and affiliated entities, and/or (4) all successors and assigns and any of them.

Dkt. 2 at 3.

The Arbitration Agreement further states that any arbitration action will be governed by the Dispute Resolution Rules and Procedures, another document prepared by L.A. Fitness and provided to Ms. Harding. *Id.* Two specific rules are called into question in this action. Rule 2 establishes what claims are subject to arbitration and lists the allowable exceptions, repeating essentially the same clause as quoted above from the Arbitration Agreement. *Id.* at 9. Rule 19 governs the termination or modification of the Arbitration Agreement or Dispute Resolution Rules. It states the following:

> [L.A. Fitness] may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures upon written notice to the employee, provided, however, that all claims already filed under Rule 4 herein shall be subject to the Agreement and corresponding Dispute

ORDER - 2

> Resolution Rules and Procedures in effect at the time the Arbitration Request Form and accompanying filing fee is received by [L.A. Fitness] unless the parties agree to utilize the revised procedure. Notice may be given by posting a written notice at [L.A. Fitness]'s locations.

Dkt. 2 at 18. The Dispute Resolution Rules and Procedures have not been revised since Ms. Harding reviewed them during her application process. Dkt. 29.

In the event of a conflict between the Dispute Resolution Rules and local laws, Rule 18 allows for the automatic revision of the rules to comply with mandatory applicable law; in the event of such a revision, the unaffected rules would remain in effect as stated. Dkt. 2 at 17.

Ms. Harding was hired by L.A. Fitness to work at the Vancouver-East location in Vancouver, Washington, on January 5, 2009. Dkt. 13-3 at 2.

On February 13, 2009, Ms. Harding allegedly received numerous offensive text messages from several L.A. Fitness employees. Dkt. 2 at 23-26. The receipt of these messages started a chain of events that eventually led to Ms. Harding's termination from L.A. Fitness and her filing of the suit in Multnomah County Circuit Court. *Id.*

## MOTION TO COMPEL AND TO STAY

In its motion, Plaintiff L.A. Fitness argues that the Arbitration Agreement signed by Ms. Harding is a valid contract that must be enforced. Dkt. 3. Citing the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, L.A. Fitness argues that the strong national policy favoring arbitration is "so integral to modern dispute resolution that the <u>FAA preempts conflicting state law</u>." *Id.* at 7 (emphasis in original). L.A. Fitness contends that the Arbitration Agreement binds both parties–Ms. Harding as well as L.A. Fitness–to proceed to arbitration rather than litigate the action in court. *Id.* According to L.A. Fitness, § 2 of the FAA mandates arbitration because employment relationships are considered related to interstate commerce and are therefore governed by the FAA. *Id.* at 10. Furthermore, L.A. Fitness argues that § 3 of the FAA requires this court to stay the Oregon state action while arbitration is pending. *Id.* at 15.

ORDER - 3

1    Ms. Harding counters that the Arbitration Agreement is not a valid or enforceable contract

2    under Washington state law. Dkt. 27. According to Ms. Harding, L.A. Fitness' unilateral right of

3    modification or termination, reserved in the modification provision contained in Rule 19 of the

4    Dispute Resolution Rules, makes the promise to arbitrate illusory. *Id.* at 3-6. Additionally, Ms.

5    Harding argues that the Arbitration Agreement is permeated with substantial unconscionability,

6    thereby nullifying the contract. *Id.* at 6-9. Ms. Harding argues that the taint of unconscionability

7    permeates the entire agreement, making severability impossible. *Id.* at 9.

8    L.A. Fitness responds to Ms. Harding's arguments with the contention that a decision finding

9    the entire Arbitration Agreement unenforceable is reserved for an arbitrator rather than the court.

10    Dkt. 28. Furthermore, L.A. Fitness argues that Ms. Harding has failed to prove that either the

11    arbitration clause or the modification clause are unconscionable. *Id.* at 5. Lastly, L.A. Fitness

12    argues that even if the court were to find that the modification clause from Rule 19 is

13    unconscionable, that clause can be severed from the contract. *Id.* at 6-7.

## DISCUSSION

*A. Motion to Compel Arbitration*

Section 2 of the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). In order to give effect to this policy, courts must entertain presumptions "in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 25. Courts may still invalidate arbitration clauses if there are grounds for revocation under applicable contract law; "'generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening' federal law." *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1257 (9th Cir. 2005) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

ORDER - 4

Looking to the law of contract formation and defenses, the court considers an arbitration agreement's enforceability according to the laws of the state in which the contract was formed. *Id.* Washington state law recognizes two categories of unconscionability–substantive and procedural. *Zuver v. Airtouch Communications, Inc.*, 153 Wash. 2d 293, 303 (2004). Substantive unconscionability involves terms of a contract that are "one-sided or overly harsh," "shocking to the conscience," "monstrously harsh," or "exceedingly calloused." *Id.* Procedural unconscionability involves a "lack of meaningful choice, considering all the circumstances surrounding the transaction, including '[t]he manner in which the contract was entered,' whether each party had a 'reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print.'" *Nelson v. McGoldrick*, 127 Wash. 2d 124, 131 (1995) (quoting *Schroeder v. Fageol Motors, Inc.*, 86 Wash. 2d 256, 260 (1975)). In Washington, a contract may be deemed invalid based on either substantive or procedural unconscionability. *Al-Safin*, 394 F.3d at 1259.

Ms. Harding argues that the Arbitration Agreement is unconscionable under Washington state law because of the ability of L.A. Fitness to unilaterally alter the terms of arbitration under Rule 19. It is true that the Ninth Circuit has applied Washington law to hold that clauses similar to the one in Rule 19 are unconscionable. *See Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254 (9th Cir. 2005) (applying the principles set forth in *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wash. 2d 426 (1991)). However, *Al-Safin*, and similarly held Ninth Circuit cases, deal with the unconscionability of modification clauses in the context of the employer attempting to modify the agreement in some way. *Al-Safin*, 394 F.3d at 1260; *see also Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101 (9th Cir. 2003); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003).

That is not the case here, where the Dispute Resolution Rules that L.A. Fitness seeks to enforce have not been revised since Ms. Harding acknowledged receipt of them during her application process. Even if the modification clause in Rule 19 were to be considered

ORDER - 5

unconscionable, its application is not at question here; severability would be appropriate and the remainder of the contract could stand.

For the same reasons, the court is not persuaded by Ms. Harding's argument that the Arbitration Agreement is an invalid contract because L.A. Fitness' reservation of the right to terminate the arbitration agreement makes its promise to arbitrate all claims illusory. However, the court does not agree with the basis for L.A. Fitness' contention that Ms. Harding cannot attack the contract as a whole. L.A. Fitness relies on the principle that such arguments are reserved for the arbitrator as a matter of law, and that this court lacks the authority to find the entire agreement unenforceable.

Ms. Harding attacks L.A. Fitness' promise to arbitrate all claims, which essentially comprises the entire contract. The contract is titled "Employment Application and Arbitration Agreement." An L.A. Fitness applicant is required to initial that all claims will be resolved by arbitration in accordance with the agreement, and sign for receipt of the Dispute Resolution Rules. An agent of L.A. Fitness countersigns, agreeing to arbitrate all claims in accordance with the Dispute Resolution Rules. There are no additional terms of the contract that the parties are agreeing to. Therefore, it is appropriate for the court to address the validity of the contract rather than the arbitrator, because "when the validity of the arbitration agreement itself is at issue, the courts first must determine whether there was a valid agreement to arbitrate." *McKee v. AT & T Corp.*, 164 Wash. 2d 372, 394 (2008). The challenges that Ms. Harding raises specifically target the agreement to arbitrate and the rules governing the arbitration.

Nonetheless, the terms of the Arbitration Agreement are not wholly unconscionable. Even though the unilateral right to terminate or alter the rules of arbitration reserved in Rule 19 are troubling, that clause can easily be severed from the agreement without eviscerating the contract as a whole. If Rule 19 is removed from the picture, there remains an otherwise valid agreement to arbitrate binding upon both parties. Because L.A. Fitness has not attempted to terminate or alter the

ORDER - 6

rules binding upon Ms. Harding, severing Rule 19 likewise does not affect the substantive claim she has against L.A. Fitness. Especially in light of the national policy in favor of arbitration, there is nothing in the Arbitration Agreement to warrant revocation.

Lastly, Ms. Harding attacks the scope of claims subject to arbitration in Rule 2 as being so broad and indefinite as to make that clause unconscionable. However, she cites no authority to support this argument, and the court sees no reason to find the contract unconscionable based on this argument.

*B. Motion to Stay*

It is L.A. Fitness' position that if this court determines that Ms. Harding is compelled to arbitrate her claims against L.A. Fitness, then the Oregon action must be stayed to allow the arbitration to proceed. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....

9 U.S.C. § 3. The language of § 3, referring ambiguously to suits "in any of the courts of the United States," arguably binds state courts to grant a stay of litigation to the same degree as federal courts. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26, 27 n.34 (1983). Despite L.A. Fitness' urging, this court does not read § 3 to mean that a federal court considering a motion to compel arbitration is bound to stay litigation in a state court.

To bolster its argument, L.A. Fitness also refers to *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983). Like here, the parties in that case were litigating two actions: first, there was an action brought in state court for declaratory judgment stating that there was no right to arbitration; second, the state-action defendant filed a motion in federal court to compel arbitration of the underlying dispute. *Id.* at 7. The federal District Court had stayed the federal action to compel

ORDER - 7

arbitration while the state action, which was deciding substantially similar issues, proceeded; on appeal, the Supreme Court affirmed a reversal of the stay. *Id.* at 4.

The holding in *Moses* is not particularly helpful here, because the issues addressed in that case are not the same as the issue before this court. In *Moses*, the Court's holding centered on the principle of abstention–determining when a federal court that has parallel jurisdiction with a state court should decline to proceed–rather than a federal court ordering a state court to stay its proceedings. It is the latter proposition that L.A. Fitness requests here.

Nonetheless, the Court's analysis in *Moses* does guide the determination of which proceeding–the state action or this federal action–should proceed. The Multnomah County Circuit Court action involves individuals that are not parties to this action, and Ms. Harding's claims against those individuals in the state action should not be affected by the Arbitration Agreement or any order of this court to compel arbitration. The *Moses* Court addressed a similar issue, stating:

> Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement. If the dispute between Mercury and the Hospital *is* arbitrable under the Act, then the Hospital's two disputes will be resolved separately– one in arbitration, and the other (if at all) in state-court litigation. Conversely, if the dispute between Mercury and the Hospital *is not* arbitrable, then both disputes will be resolved in state court. But neither of those two outcomes depends at all on *which court* decides the question of arbitrability. Hence, a decision to allow that issue to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes.

*Id.* at 20 (emphasis in original). Similarly, compelling L.A. Fitness and Ms. Harding to proceed to arbitration while allowing the Oregon action to proceed, as to other parties, as the Oregon court sees fit, does not create an untenable position for either party.

Furthermore, the fact that L.A. Fitness attempts to include all "officers, directors, employees or agents in their capacity as such or otherwise" under the Arbitration Agreement does not create a contract between Ms. Harding and individual L.A. Fitness employees who may have harmed her under applicable state law. If Ms. Harding is not bound to arbitrate her claims against the individually named defendants in her Oregon state action, then the state court may decide to allow

ORDER - 8

those individual claims to proceed while arbitration is pending against L.A. Fitness.

It may be in the best interests of fairness and justice for the Multnomah County Circuit Court action to proceed in a limited function, but ultimately that decision lies with the Circuit Court and not here. However, Ms. Harding is required to arbitrate her claims against L.A. Fitness, and in accordance with § 3 of the FAA, any state trial should be stayed as to claims against L.A. Fitness only. Accordingly, L.A. Fitness' motion to stay the Oregon action should be granted in part and denied in part.

Therefore, it is hereby

**ORDERED** that Plaintiff L.A. Fitness' Motion to Compel Arbitration and to Stay (Dkt. 3) is GRANTED in part and DENIED in part as follows:

1. The motion to compel arbitration is GRANTED; and

2. The motion to stay the Multnomah County Circuit Court proceeding is GRANTED only insofar as any trial against L.A. Fitness International, Inc. is ordered stayed; and DENIED as to individual claims against individual defendants.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Multnomah County Circuit Court.

DATED this 25th day of November, 2009.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER - 9